IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY T. DAN,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, CHERL FINN, Medical Staff - individual capacity; MEDICAL STAFF, Medical Staff - individual capacity; WALLS, Case Manager - individual capacity; BOYER-SEARS, Lieutenant - individual capacity; BROOKS, Officer - individual capacity; BEEBE, Case Manager - individual capacity; MCNAIR, Case Manager - individual capacity; BUSBOOM, Assistant Warden - individual capacity; CRAIG GABLE, Warden - individual capacity; B. HOLLISTER, Dr., Mental Health Representative - individual capacity; C. HINZMAN, Classification Representative - individual capacity; R. BRITTENHAM, Intelligence Representative- individual capacity; DIANE SABAKSTA-RINE, Chief of Operations - individual capacity; ROBERT MADSEN, Deputy Director - individual capacity; and ROB JEFFREYS, Director- individual capacity;<br><br>                Defendants. | 8:23CV532<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 7, Motion for Extension of Time, Filing No. 6, and "Motion To Issue Warrent [sic] On Tecumseh State Correctional Staff For Refusing to Give Copy of Certified Account Record," Filing No. 8 (hereinafter "Motion for Warrant"), all filed on January 2, 2024.

## I.  MOTION FOR EXTENSION AND MOTION FOR WARRANT

In his Motion for an Extension of Time, Plaintiff asks for an extension of the Court's January 10, 2024, deadline for Plaintiff to pay the Court's filing and administrative fee[1] or file a request to proceed IFP, *see* Filing No. 5, due to "Tecumseh State Correctional [("TSCI")] staff . . . failing to comply with court order."  Filing No. 6 (spelling corrected).  Based on Plaintiff's simultaneously filed Motion for Warrant, Filing No. 7, the Court understands TSCI staff's alleged non-compliance to be the failure to provide Plaintiff or the Court with a six-month statement of Plaintiff's trust account information.  Indeed, the Motion for Warrant asks the Court to issue warrants on TSCI staff for refusing to provide a copy of his trust account statement.  However, the Court has received a copy of Plaintiff's trust account information, which was filed January 5, 2024.  Filing No. 12.  Thus, Plaintiff's Motion for Extension of Time and Motion for Warrant will be denied as moot.

## II.  IFP MOTION

Plaintiff filed an IFP Motion, Filing No. 7, and the Court has received a copy of Plaintiff's trust account information.  Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP.  28 U.S.C. § 1915(b).  The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

---

[1] The Court mistakenly listed the amount of the filing and administrative fees as $402.00.  Filing No. 5.  However, the filing and administrative fees increased to $405.00 as of December 1, 2023.

2

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $3.36, based on average monthly deposits in the amount of $16.80. Plaintiff must pay this initial partial filing fee within 30 days or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time, Filing No. 6, and Motion for Warrant, Filing No. 8, are denied as moot.

3

2. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 7, is granted.

3. Plaintiff must pay an initial partial filing fee of $3.36 by **February 8, 2024**, unless the Court extends the time in which he has to pay in response to a written motion.

4. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

5. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

6. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **February 8, 2024**: initial partial filing fee payment due.

7. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 9th day of January, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge