IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY T. DAN,

            Plaintiff,

    vs.

STATE OF NEBRASKA, et al.;

            Defendants.

**8:23CV532**

**MEMORANDUM AND ORDER**

On September 12, 2025, the Court entered an order, Filing No. 39, which granted Plaintiff leave to proceed on appeal in forma pauperis ("IFP") and directed him within 30 days to pay an initial partial appellate filing fee of $13.94, based upon average monthly deposits in the amount of $8.33. On September 25, 2025, Plaintiff filed the present motion requesting waiver of his initial partial filing fee. Filing No. 43.[1] Plaintiff states he has only $0.15 on his account and, contrary to the Court's finding, *see* Filing No. 39 at 2, has "not received . . . monthly average deposits of $41.67." Filing No. 43.

As the Court has already informed Plaintiff, the Prison Litigation Reform Act ("PLRA") "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The $605.00 appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997). The method for

---

[1] Plaintiff also requests a "Certificate of Appealability form" in his motion. Filing No. 43 (spelling corrected). The Court is not aware of any such form, and a certificate of appealability is not required here as Plaintiff's appeal has already been sent to the Eighth Circuit Court of Appeals.

collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee.

Although the Court cannot waive the $605.00 filing fee, the PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Given Plaintiff's representations about his available funds and his available trust account information, *see* Filing No. 38, the Court finds Plaintiff is unable to pay the full amount of his initial partial filing fee[2] and will direct officials at Plaintiff's institution to collect and pay "the whole of the . . . filing fees . . . by the installment method contained in § 1915(b)(2)." *Henderson*, 129 F.3d at 484.

As the Court specifically informed Plaintiff when judgment was entered in this matter, "[b]y filing a notice of appeal, Plaintiff will be consenting to the deduction of the $605.00 filing fee from his prison account by prison officials." Filing No. 34. Thus, the Court will direct prison officials to pay Plaintiff's appellate filing fees as set forth below. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *disapproved of on other grounds by Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997) ("As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, *see In re Tyler*, 110 F.3d at 529–30, we conclude that by filing the complaint or notice of appeal, the prisoner waives

---

[2] While Plaintiff disputes the Court's calculation of his average monthly deposits as $41.67, the Court calculated Plaintiff's initial partial filing fee as provided by 28 U.S.C. § 1915(b)(1), and Plaintiff's trust account information shows one substantial deposit in March 2025, which, when divided across 6 months, accounts for the average monthly deposit figure. *See* Filing No. 38.

any objection to the fee assessment by the district court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs. A prisoner has a duty to cooperate during the litigation.").

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion requesting waiver of his initial partial appellate filing fee, Filing No. 43, is granted to the extent that the appellate filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $605.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2. The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

3. Plaintiff's request for a certificate of appealability form is denied.

4. The Clerk of the Court is directed to terminate the October 14, 2025, pro se case management payment deadline in this case.

Dated this 6th day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3